Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JOSE PABLO REYES, *individually and on*
*behalf of others similarly situated,*

                            *Plaintiff,*

              -against-

640 PELHAM FOOD CORP. (d/b/a
GREEN APPLE SUPERMARKET),
DG 231 FOOD CORP. (d/b/a
PIONEER SUPERMARKET), and
RAFAEL MONTES DEOCA

                        *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiff Jose Pablo Reyes ("Plaintiff Reyes" or "Mr. Reyes"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of defendants 640 Pelham Food Corp. (d/b/a Green Apple Supermarket), DG 231 Food Corp. (d/b/a Pioneer Supermarket) ("Defendant Corporations"), and Rafael Montes Deoca  (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

       1.     Plaintiff Reyes is a former employee of Defendants 640 Pelham Food Corp. (d/b/a Green Apple Supermarket), DG 231 Food Corp. (d/b/a Pioneer Supermarket), and Rafael Montes Deoca.

2.      Green Apple Supermarket is a supermarket owned by Rafael Montes Deoca located at 640 Pelham Parkway South, Bronx, New York 10462.

3.      Pioneer Supermarket is a supermarket owned by Rafael Montes Deoca located at 184 W. 231st Street, Bronx, New York 10463.

4.      Upon information and belief, Defendant Rafael Montes Deoca serves or served as owner, manager, principal or agent of Defendant Corporations and through these corporate entities operate the supermarkets.

5.      Plaintiff Reyes is a former employee of Defendants.

6.      Plaintiff Reyes was employed as a stocker and general store assistant.

7.      At all times relevant to this Complaint, Plaintiff Reyes worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that he worked.

8.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Reyes the applicable minimum wage, and failed to pay him appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

9.      Further, Defendants failed to pay Plaintiff Reyes the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

10.      Defendants' conduct extended beyond Plaintiff Reyes to all other similarly situated employees.

11.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Reyes and other employees to work in excess of forty (40) hours

per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

12.     Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

13.     Plaintiff Reyes seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question).  Supplemental jurisdiction over Plaintiff Reyes' state law claims is conferred by 28 U.S.C. § 1367(a).

15.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Reyes was employed by Defendants in this district.

## PARTIES

*Plaintiff*

16.     Plaintiff Jose Pablo Reyes ("Plaintiff Reyes" or "Mr. Reyes") is an adult individual residing in Bronx County, New York.

17.     Plaintiff Reyes was employed by Defendants from approximately May 2013 until on or about June 2016.

18.     Plaintiff Reyes consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19.     At all times relevant to this complaint, Defendants own, operate, and/or control two supermarkets located at 640 Pelham Parkway South, Bronx, New York 10462 under the name "Green Apple Supermarket", and at 184 W. 231st Street, Bronx, New York 10463 under the name "Pioneer Supermarket".

20.     Upon information and belief, 640 Pelham Food Corp. ("Defendant Corporation") is a Corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 640 Pelham Parkway South, Bronx, New York 10462.

21.     Upon information and belief, DG 231 Food Corp. ("Defendant Corporation") is a Corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 184 W. 231st Street, Bronx, New York 10463.

22.     Defendant Rafael Montes Deoca is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Rafael Montes

Deoca is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

23.     Defendant Rafael Montes Deoca possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

24.     Defendant Rafael Montes Deoca determined the wages and compensation of the employees of Defendants, including Plaintiff Reyes, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25.     Defendants operate two supermarkets located in the Allerton and Kingsbridge sections of the Bronx in New York City.

26.      Individual Defendant Rafael Montes Deoca possesses operational control over Defendant Corporations, possesses an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

28.     Each Defendant possessed substantial control over Plaintiff Reyes' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Reyes, and all similarly situated individuals, referred to herein.

5

29.     Defendants jointly employed Plaintiff Reyes, and all similarly situated individuals, and are Plaintiff Reyes' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

30.     In the alternative, Defendants constitute a single employer of Plaintiff Reyes and/or similarly situated individuals.

31.     Upon information and belief, individual defendant Rafael Montes Deoca operates Defendant Corporations as either an alter ego of himself, and/or fail to operate Defendant Corporations as a legal entity separate and apart from himself by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

(b)     defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations or closely controlled entities;

(f)     intermingling assets and debts of their own with Defendant Corporations;

(g)     diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

6

(h)      Other actions evincing a failure to adhere to the corporate form.

32.      At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

33.      Defendants had the power to hire and fire Plaintiff Reyes, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Reyes' services.

34.      In each year from 2013 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.      In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the supermarkets on a daily basis, such as tools, were produced outside of the State of New York.

*Individual Plaintiff*

36.      Plaintiff Reyes is a former employee of Defendants, employed in performing the duties of a stocker and store assistant.

37.      Plaintiff Reyes seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Jose Pablo Reyes*

38.      Plaintiff Reyes was employed by Defendants from approximately May 2013 until on or about June 2016.

39.      At all relevant times, Plaintiff Reyes was employed by Defendants as a stocker and store assistant.

7

40.     Plaintiff Reyes regularly handled goods in interstate commerce, such as cleaning supplies and houseware produced outside of the State of New York.

41.     Plaintiff Reyes' work duties required neither discretion nor independent judgment.

42.     Throughout his employment with Defendants, Plaintiff Reyes regularly worked in excess of 40 hours per week.

43.     From approximately May 2013 until on or about October 2013, Plaintiff Reyes worked at the Green Apple Market from approximately 8:00 a.m. until on or about 6:00 p.m. four days a week and from approximately 8:00 a.m. until on or about 7:00 or 8:00 p.m. two days a week (typically 62 to 64 hours per week).

44.     From approximately November 2013 until on or about March 2016, Plaintiff Reyes worked at the Green Apple Market from approximately 7:00 a.m. until on or about 10:00 p.m., Mondays through Saturdays, and from approximately 7:00 a.m. until on or about 4:00 p.m. three Sundays a month (typically 90 to 99 hours per week).

45.     From approximately April 2016 until on or about June 2016, Plaintiff Reyes worked at both the Green Apple Market and the Pioneer Market from approximately 7:00 a.m. until on or about 10:00 p.m., Mondays through Saturdays, and from approximately 7:00 a.m. until on or about 4:00 p.m. three Sundays a month (typically 90 to 99 hours per week).

46.     Throughout his employment with Defendants, Plaintiff Reyes was paid his wages in cash.

47.     From approximately May 2013 until on or about October 2013, Defendants paid Plaintiff Reyes a fixed salary of $475 per week.

48.     From approximately November 2013 until on or about March 2016, Defendants paid Plaintiff Reyes a fixed salary of $500 per week.

49.     From approximately April 2016 until on or about June 2016, Defendants paid Plaintiff Reyes a fixed salary of $700 per week.

50.     Plaintiff Reyes' wages did not vary regardless of how many additional hours he worked in a week.

51.     For example, from approximately April 2013 until on or about October 2013, Defendants required Plaintiff Reyes to work an additional hour or two hours past his scheduled departure time every work day, without paying him any additional compensation for the additional time he worked.

52.     Defendants did not provide Plaintiff Reyes with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

53.     From approximately November 2013 until on or about June 2016, Plaintiff Reyes was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as a time clock or punch cards, that accurately reflected his actual hours worked.

54.     Defendants never provided Plaintiff Reyes with a written notice, in English and in Spanish (Plaintiff Reyes' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

55.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Reyes regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

9

56.     Defendants regularly required Plaintiff Reyes to work in excess of forty (40) hours per week without paying him the proper minimum wage, overtime premiums, and spread of hours pay.

57.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Reyes (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

58.     Plaintiff Reyes was paid his wages entirely in cash.

59.     After October 2013, Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

60.     By employing these practices, Defendants avoided paying Plaintiff Reyes the minimum wage for his regular hours and overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

61.     Defendants failed to post required wage and hour posters in the supermarkets, and did not provide Plaintiff Reyes with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Reyes' relative lack of sophistication in wage and hour laws.

62.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Reyes (and similarly situated individuals) worked, and to avoid paying Plaintiff Reyes  properly for (1) his full hours worked and (2) for overtime due.

10

63.     Defendants failed to provide Plaintiff Reyes  and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

64.     Defendants failed to provide Plaintiff Reyes  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

65.     Plaintiff Reyes brings his FLSA minimum wage, overtime pay and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

66.     At all relevant times, Plaintiff Reyes  and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage , overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

67.     The claims of Plaintiff Reyes stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

68.     Plaintiff Reyes repeats and realleges all paragraphs above as though fully set forth herein.

69.     At all times relevant to this action, Defendants were Plaintiff Reyes' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Reyes (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

70.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

71.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

12

72.     Defendants failed to pay Plaintiff Reyes (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

73.     Defendants' failure to pay Plaintiff Reyes (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

74.     Plaintiff Reyes (and the FLSA Class members) were damaged in an amount to be determined at trial.

<u>**SECOND CAUSE OF ACTION**</u>
**VIOLATION OF THE FLSA OVERTIME PROVISIONS**

75.     Plaintiff Reyes repeats and realleges all paragraphs above as though fully set forth herein.

76.     At all times relevant to this action, Defendants were Plaintiff Reyes' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Reyes (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

77.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

78.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

79.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Reyes  (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

13

80.     Defendants' failure to pay Plaintiff Reyes (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

81.     Plaintiff Reyes (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

82.     Plaintiff Reyes repeats and realleges all paragraphs above as though fully set forth herein.

83.     At all times relevant to this action, Defendants were Plaintiff Reyes' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Reyes (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

84.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Reyes (and the FLSA Class members) less than the minimum wage.

85.     Defendants' failure to pay Plaintiff Reyes (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

86.     Plaintiff Reyes (and the FLSA Class Members) WERE DAMAGED in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK STATE**
**LABOR LAW'S OVERTIME PROVISIONS**

87.     Plaintiff Reyes repeats and realleges all paragraphs above as though fully set forth herein.

88.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Reyes (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

89.     Defendants' failure to pay Plaintiff Reyes (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

90.      Plaintiff Reyes (and the FLSA Class Members) WERE DAMAGED in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR**

91.     Plaintiff Reyes repeats and re-alleges all paragraphs above as though fully set forth herein.

92.     Defendants failed to pay Plaintiff Reyes one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Reyes' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

15

93.     Defendants' failure to pay Plaintiff Reyes an additional hour's pay for each day Plaintiff Reyes' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

94.     Plaintiff Reyes was damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

95.     Plaintiff Reyes repeats and realleges all paragraphs above as though fully set forth herein.

96.     Defendants failed to provide Plaintiff Reyes with a written notice, in English and in Spanish (Plaintiff Reyes' primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

97.     Defendants are liable to Plaintiff Reyes in the amount of $5,000, together with costs and attorney's fees.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

98.     Plaintiff Reyes repeats and realleges all paragraphs above as though set forth fully herein.

99.     Defendants did not provide Plaintiff Reyes with a statement of wages with each payment of wages, as required by NYLL 195(3).

100.    Defendants are liable to Plaintiff Reyes in the amount of $5,000, together with costs and attorney's fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Reyes respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff Reyes' in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Reyes and the FLSA class members

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Reyes and the FLSA class members;

(d)     Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Reyes', and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Reyes and the FLSA class members;

(f)     Awarding Plaintiff Reyes and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiff Reyes and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as

applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Reyes  and the members of the FLSA Class

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Reyes  and the members of the FLSA Class;

(j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Reyes and the members of the FLSA Class;

(k)     Declaring that Defendants have violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Reyes', and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff Reyes' , and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Reyes  and the FLSA Class members;

(n)     Awarding Plaintiff Reyes and the FLSA class members damages for the amount of unpaid minimum and overtime wages as well as spread of hours pay;

(o)     Awarding Plaintiff Reyes damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Reyes and the FLSA class members liquidated damages in an

amount equal to one hundred percent (100%) of the minimum wages, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(q)     Awarding Plaintiff Reyes and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Reyes and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.


### JURY DEMAND

Plaintiff Reyes demands a trial by jury on all issues triable by a jury.


Dated: New York, New York
September 29, 2016

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____
By:     Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 2540
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 13, 2016

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    **Jose Pablo Reyes**

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                *Jose Pablo Reyes*

Date / Fecha:                     13 de septiembre de 2016